# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Donnie L. Burch,**
**Petitioner Below, Petitioner**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0988** (Preston County 12-C-308)

**Dennis Dingus, Warden, Stevens Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Donnie L. Burch, by counsel Melissa Giggenbach, appeals the "Order Denying Writ of Habeas Corpus and Denying Motion for Resentencing" entered by the Circuit Court of Preston County on August 29, 2013. Respondent Dennis Dingus, in his capacity as Warden of Stevens Correctional Center, by counsel Christopher S. Dodrill, responds in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The State asserted that petitioner passed two checks that had been forged from the bank account of an elderly relative. One check was in the amount of $940, while the other was for $560. Pursuant to a plea agreement, and while represented by counsel, on January 4, 2012, petitioner filed a document with the circuit court indicating his intent to plead guilty to one count of felony uttering as charged in an information. In exchange, the State agreed not to pursue any additional charges arising from the incident, not to pursue a recidivist charge, and to stand silent on sentencing. Petitioner also agreed to pay restitution. Thereafter, petitioner changed his mind and filed two motions to withdraw his plea, but he ultimately changed his mind again and went forward with the guilty plea. At the sentencing hearing on February 17, 2012, petitioner admitted his guilt to one count of felony uttering. He was sentenced to one to ten years in prison in accordance with West Virginia Code § 61-4-5(a).

With new counsel, petitioner filed a motion for resentencing pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. This motion was denied on June 26, 2012. Petitioner did not file a direct appeal.

On November 16, 2012, petitioner filed the instant omnibus petition for writ of habeas corpus. An evidentiary hearing was held on May 20, 2013. On May 31, 2013, petitioner filed a

1

second motion for resentencing. By order of August 29, 2013, the circuit court denied the habeas petition on all grounds, and denied the second motion for resentencing.

Petitioner appeals the order denying habeas relief.[1] We consider habeas corpus appeals under the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Petitioner's primary assertion on the merits of his appeal is that the lawyer who represented him when he entered his guilty plea failed to render effective assistance of counsel. We consider ineffective assistance of counsel claims under the following framework:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). This framework also applies when a conviction is the result of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52 (1985).

After carefully considering petitioner's arguments and the record on appeal, we find that petitioner did not prove that his lawyer was deficient under an objective standard of reasonableness. Petitioner argues that his lawyer did not properly investigate the case and instead merely relied on evidence that the State disclosed. Specifically, petitioner explains that a State Police forensic handwriting expert reported that there was insufficient comparison data, and that some of the copies the expert was provided were not of good quality. Therefore, the expert was

---

[1]We acknowledge that one of the circuit court's reasons for denying habeas relief was the court's conclusion that this case was moot. Petitioner was released on parole on July 17, 2013, and the Post-Conviction Habeas Corpus Act only permits a "person convicted of a crime and incarcerated under sentence of imprisonment therefor" to pursue habeas relief. W.Va. Code § 53-4A-1(a). Petitioner's first assignment of error asserts that the mootness ruling was incorrect. He argues that our limited number of per curiam opinions and memorandum decisions in this area are erroneous or distinguishable, and that other state and federal courts have determined that parole is a sufficient restriction on freedom to warrant the issue of a habeas writ. However, we leave these issues for another day and will instead consider this appeal based on the circuit court's alternate grounds for denying the petition for habeas corpus; specifically, that petitioner did not prove the merits of his claims. For the reasons set forth herein, even if petitioner's habeas case is not moot, he would still not prevail on appeal.

unable to reach a definite conclusion as to whether petitioner had forged the checks. Petitioner asserts that defense counsel should have further investigated the handwriting issue, but we fail to see how a further investigation would have assisted the defense. Petitioner pled guilty to uttering, not to forgery, and he has admitted that he presented the checks for payment. According to the State, there is also inculpatory video surveillance evidence from the bank where petitioner uttered the checks. Moreover, had further forensic handwriting analysis been performed, it might have resulted in a conclusive opinion that petitioner did commit forgery. It appears that the inconclusive nature of the forensic handwriting report actually aided the defense in obtaining a favorable plea bargain.

Next, petitioner argues that counsel failed to explore mitigation evidence and failed to present such evidence during the sentencing hearing. He suggests that this evidence would include that he is a building contractor and the victim owed him money for his work in re-roofing her home. However, being owed money is not a justification for uttering the victim's checks. Accordingly, we fail to see how counsel was deficient for not raising this issue with the sentencing court.

Petitioner also asserts that defense counsel failed to properly challenge incorrect information in the pre-sentence investigation report. This is belied by the record on appeal, which shows that during the sentencing hearing, defense counsel pointed out problems in the report. The circuit court ruled that it would not treat the controverted charges as convictions when imposing sentence. Petitioner also claims that without a correct pre-sentence investigation report, defense counsel was unable to effectively advise petitioner on the possibility of a recidivist conviction. We find no merit to this argument because, even disregarding the controverted charges, petitioner had other felony convictions that could have formed the basis of a recidivist charge.[2]

We also conclude that petitioner failed to prove the second, or prejudice, prong of the *Strickland* test. The Supreme Court of the United States has explained that with regard to guilty pleas, the prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted). Petitioner has failed to show that but for counsel's representations, he would have insisted on going to trial, or that the outcome of a trial would have been more favorable than the outcome pursuant to his plea agreement. Not only is there evidence that petitioner committed the crime of uttering, but by accepting this plea agreement, petitioner avoided the possibility of additional charges arising from this incident. He also avoided a recidivist charge.

---

[2]Although petitioner disputes the accuracy of some of the criminal charges listed in the pre-sentence investigation report, he apparently does not dispute that he was convicted of robbery in 1977; accessory before the fact to murder in 1978; and possession of a controlled substance and a handgun in 1986. Had the State pursued a recidivist charge pursuant to West Virginia Code § 61-11-18(c), petitioner risked a sentence of life in prison.

3

Having rejected petitioner's ineffective assistance claim, we can easily dispose of his other claims for habeas relief. He asserts that he was sentenced based on inaccurate information but, as set forth above, the circuit court ruled that it would not treat the controverted charges as convictions. Petitioner also argues that his guilty plea was involuntary because he received ineffective assistance of counsel, but we have already concluded that he did not receive ineffective assistance.

In his final assignment of error, petitioner argues that the evidence known at the time of his guilty plea was insufficient to convict him of uttering. We held in Syllabus Point 4 of *State ex rel McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979), that "[a] habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." Citing *Cannellas v. McKenzie*, 160 W.Va. 431, 436, 236 S.E.2d 327, 331 (1977), petitioner argues that sufficiency of the evidence may be reviewable in a habeas proceeding in extraordinary circumstances, and that such extraordinary circumstances are present in his case because of the alleged constitutionally-deficient representation he received. This argument fails because, as we have already concluded, petitioner did not receive ineffective assistance of counsel.

Furthermore, even assuming *arguendo* that this final assignment of error raises a constitutional issue cognizable in habeas corpus, we have held that a criminal defendant challenging the sufficiency of the evidence takes on a heavy burden. Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995). Petitioner has not met that burden. Indeed, he has admitted his guilt to uttering, and now apparently claims that he was justified in uttering the checks because the victim owed him money. This alleged justification does not excuse his guilt. He also acknowledges that if the case had gone to trial, the State would have presented surveillance photos of a man purported to be him in the bank uttering the checks, and that further handwriting analysis might have been inculpatory.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4